45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael John PUDER, Defendant-Appellant.
 No. 93-10468.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael John Puder appeals his 46-month sentence imposed following his guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Puder contends that the district court erred in failing to depart downward pursuant to U.S.S.G. Sec. 5K2.16 on the basis of voluntary disclosure of the offense. The government has filed a motion to dismiss the appeal because Puder waived his right to appeal. We grant the government's motion.
 
 
 3
 First, Puder contends that his waiver of his right to appeal is invalid because the record does not show that the waiver was knowing and voluntary. This contention lacks merit.
 
 
 4
 "Whether an appellant has waived his statutory right of appeal is an issue of law subject to de novo review." United States v. Khaton, No. 94-10001, slip op. 13965, 13969 (9th Cir. Nov. 16, 1994). " '[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made.' " United States v. DeSantiago-Martinez, No. 92-50373, slip op. 12715, 12719 (9th Cir. Oct. 14, 1994) (amended order) (quoting United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991)), petition for cert. filed, --- U.S.L.W. ---- (U.S. Oct. 27, 1994) (No. 94-6634). A "colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary is sufficient." Id. at 12720.
 
 
 5
 Puder's plea agreement provided as follows:
 
 
 6
 The defendant is ... aware that Title 18, United States Code, Section 3742 gives the defendant a right to appeal the sentence to be imposed and that other federal laws give the defendant rights to appeal other aspects of his conviction. In exchange for the concessions made by the United States in the instant plea agreement, the defendant knowingly and expressly waives his right to appeal any sentence to be imposed that is within the applicable sentencing guideline range, further waives his right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives his right to appeal any other aspect of his conviction or sentence. The defendant reserves only the right to appeal any sentence imposed to the extent, but only to the extent, that the sentence is an upward departure and outside the range established by the applicable sentencing guideline.
 
 
 7
 At his change-of-plea hearing, Puder stated that he had read the plea agreement and had discussed it with his attorney. The plea agreement was read into the record, and the district court then asked, "Mr. Puder, is that your understanding of the full plea agreement?" Puder stated that it was.
 
 
 8
 This record is sufficient to establish that Puder's waiver of his right to appeal was knowing and voluntary. The plea agreement explicitly stated that Puder was aware of his right to appeal and that he expressly waived it. See DeSantiago-Martinez, slip op. at 12719-20. In addition, Puder read the agreement, discussed it with his attorney, heard it read into the record at his change-of-plea hearing, and stated in open court that he understood the agreement. See id. Contrary to Puder's contention, we do not view DeSantiago-Martinez as requiring the district court to make a finding that a waiver of the right to appeal is knowing and voluntary; rather, the case requires that the record demonstrate the validity of the waiver. See id. at 12720 ("a finding that the waiver is knowing and voluntary is sufficient").
 
 
 9
 Second, Puder contends that his waiver of his right to appeal is unenforceable because the government breached the plea agreement by arguing that Puder was not entitled to a downward departure. We will not consider this contention because Puder failed to raise any claim of a government breach in the district court. See United States v. Robertson, No. 93-50194, slip op. 14369, 14371 (9th Cir. Nov. 23, 1994).
 
 
 10
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.P. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3